IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BETTY S. SMITH                                                PLAINTIFF

V.                                                CIVIL ACTION NO. 22-KV-0014-B

WAL-MART STORES, INC.,
WAL-MART EAST, LP;
JOHN DOE ENTITIES (1-5);
JOHN DOE PERSONS (1-5).                                      DEFENDANTS

## **CERTIFICATE OF CLERK**

I, Eva Givens, Circuit Clerk of Adams County, Mississippi, hereby certify that the attached pleadings are a true and correct copy of the complete file contained in the records of the Circuit Clerk of Adams County, Mississippi, in the above-styled matter.

GIVEN under my hand and seal of office, this the ___13___ day of June, 2022.

Eva J. Givens /Dianne Goodman DC
CIRCUIT CLERK

AND FILED

FEB 1 0 2022

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI GIVENS, CIRCUIT CLERK

BY_____ D.C.

**BETTY S. SMITH**                                                                                    **PLAINTIFF**

**VS.**                                                        CIVIL ACTION NO. 22-KV-0014-B

**WAL-MART STORES, INC.,**
**WAL-MART EAST, LP;**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5).**                                                **DEFENDANTS**

<u>**COMPLAINT**</u>
**(Trial by Jury Requested)**

**COMES NOW** the Plaintiff, Betty S. Smith, by and through her counsel and files this

Complaint against the Defendant, Wal-Mart Stores, Inc., Wal-Mart East, LP, John Doe Entities

(1-5), John Doe Persons (1-5) and in support thereof, would show unto this Honorable Court the

following, to-wit:

### I. Parties

1.     The Plaintiff, Betty S. Smith, is an adult resident citizen of Adams County,

Mississippi.

2.     Defendant, Wal-Mart Stores, Inc., is a business corporation licensed to do and

doing business in Mississippi with its principal place of business at 314 Sgt. Prentiss Drive,

Natchez, Mississippi 39120.  On information and belief, Defendant owns and does business as

"Wal-Mart Supercenter" in Natchez, Adams County, Mississippi and may be served with the

process of this court by serving its registered agent, C T Corporation System, 631 Lakeland East

Drive, Flowood, Mississippi 39232.

3.     Defendant, Wal-Mart Stores East, LP, is a limited partner business licensed to do

and doing business in Mississippi with its principal place of business at 314 Sgt. Prentiss Drive,

Natchez, Mississippi 39120.  On information and belief, Defendant owns and does business as

"Wal-Mart Supercenter" in Natchez, Adams County, Mississippi and may be served with the process of this court by serving its registered agent, C T Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39232.

## II. Jurisdiction and Venue

4.      That this cause of action occurred or accrued in Natchez, Adams County, Mississippi; and that pursuant to the provisions of the Mississippi Code, the jurisdiction and venue are proper for this court.

## III. Basic Facts Giving Rise to Claim for Relief

5.      That on or about March 01, 2019, Plaintiff, was shopping at the Wal-Mart Store #874, in Natchez, Mississippi. The Plaintiff, exercising due care for her own safety, slipped and fell sustaining severe personal injuries. More specifically, as she was walking down an aisle of the store shopping for toilet paper, Plaintiff slipped and fell in a puddle of liquid on the floor. No wet floor signs were placed to warn the Plaintiff in the area where the Plaintiff fell. At all times pertinent, Plaintiff was acting with reasonable and prudent regard for her own safety.

6.      At all times relevant herein, the above-described business and/or premises, was open to the Plaintiff and to those members of the public at large who might go there as business invitees.

## IV. Negligence

7.      That at all times material hereto, the Defendant had a duty of care to keep the premises in a reasonably safe condition, such that business invitees might use them in an ordinary and reasonable way without danger. Defendant breached its duty in the following ways, anyone of which was a departure from the accepted standard of care owed by the Defendant, to the Plaintiff:

        a)     In failing to keep the passageway intended for public use free and clear from water or liquid;

        b)     In failing to exercise reasonable care to correct the conditions described

herein;

c)   In failing to warn the Plaintiff of the existence of the above-described conditions;

d)   In carelessly and negligently permitting, allowing and causing the dangerous area to be left unattended in an area intended for use by the public;

e)   In failing to properly and adequately supervise and oversee the above described areas so as to prevent the invitees from encountering dangerous condition therein;

f)   In permitting its employees to create the hazardous condition described above;

g)   In permitting its employees or other individuals known to have access to the area to create the conditions described above.

### V. Damages

8.   As a direct and proximate result of the acts of negligence and carelessness and breaches of legal duties owed to the Plaintiff by the Defendant, the Plaintiff suffered damages including, but not limited to the following:

a)   Past, present, and future physical pain and suffering

b)   Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

c)   disability, disfigurement, and mental anguish,

d)   loss of capacity for the enjoyment of life.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that a judgment of, from and against the Defendant in an amount which will fairly and adequately compensate Plaintiff for her injuries, damages, and losses past and future against the Defendant herein. Further, Plaintiff

prays that the Court will award her interest as permitted by law, costs of this suit, expert witness

fees, and for whatever and further relief as to this Court may deem just and proper.

RESPECTFULLY SUBMITTED this the 7⁺ᴴ day of _Feb_____, 2022.

BETTY S. SMITH, Plaintiff

BY: _C. Cooper Miles/PS_____
C. COOPER MILES (MSB NO. 101945)

OF COUNSEL:
**Schwartz & Associates, P.A.**
Post Office Box 3949
Jackson, Mississippi 39207-3949
Phone: 601-988-8888
CMILES@1CALL.ORG

RECEIVED
AND FILED

FEB 1 0 2022

EDDIE J. GIVENS, CIRCUIT CLERK
BY_____ D.C.

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BETTY S. SMITH**                                                    **PLAINTIFF**

**VS.**                                          CIVIL ACTION NO. 22- KV-0014-B

**WAL-MART STORES, INC.,**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5).**                              **DEFENDANTS**

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED TO DEFENDANTS**</u>

COMES NOW, the Plaintiff, Betty S. Smith, and propounds the following *First Set of Interrogatories and Requests for Production of Documents to Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP,* pursuant to the Mississippi Rules of Civil Procedure, and gives notice that each and every Interrogatory or section thereof should be answered separately, and in writing under oath by the aforesaid Defendant, or a duly authorized representative, within the legal number of days after the date of service hereof. These Interrogatories are to be deemed continuing and should be amended or supplemented should different or additional information be received by Defendant.

## <u>DEFINITIONS</u>

The term, "document" includes all writings, drawings, maps, schematics, drafts, charts, pamphlets, brochures, photographs (moving or still), phono records, computer printouts, or other data compilations from which information can be obtained or translated, which are in the possession, custody, or control of the Defendant, its attorney, solicitors or agents.

The term "document" also means a copy where the original is not in the possession, custody or control of the Defendant, or its attorneys or solicitors or representatives or other agents, and said term also includes a copy of a document where such copy is not an identical duplicate of the

original or where such copy contains notations not contained in the original or other copies.

The term "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

## INSTRUCTIONS

A.    Restate each Interrogatory and Request for Production.

B.    Each Interrogatory is to be answered and all documents produced in accordance with the instructions set forth in each Interrogatory and each Request for Production, and in compliance with the instructions set forth in this section.

C.    Unless subsequently withdrawn, all interrogatories and requests for documents are continuing and supplemental answers thereto are to be served forthwith.

D.    If the Defendant claims that any information requested herein is frivolous or otherwise protected from discovery, state with particularity the basis of such claim, and in the case of any document produced, state:

1.    Its author;

2.    The date of its creation;

3.    The names, position and capacities of all persons to whom it was addressed or by whom it has been seen;

4.    Its nature and subject matter, as well as identity of such documents; and,

5.    The basis upon which it is claimed to be privileged or otherwise protected from discovery.

E.    If any interrogatory answer or response to request is answered upon any basis other than the personal knowledge of the affiant, please identify fully for future discovery, the source of each such answer or response.

F.      If any documents requested by these Rule 34 Requests have been destroyed, or are not available, or are claimed to be privileged or are not otherwise produced, please identify each such document, describe it, its contents, and its status.

G.      As used in these Interrogatories and Requests, the term "you", "yourself", or "your" shall refer to Defendant, their agents, employees, representatives, solicitors, attorney(s), or servants, and shall include Defendant, all of which are the subject of this litigation.

## NOTICE OF TIME AND PLACE

In the event that requested documents are not attached to the responsive pleadings, notice is given to the Defendant that the requested documents shall be produced for examination and copying at the law offices of Patrick S. Wooten, Schwartz & Associates, P.A., 162 East Amite Street (39201), PO Box 3949, Jackson, Mississippi 39207, within the legal number of days from the date of service hereof, or at such other time to be agreed upon by counsel prior to that date. The documents are to be made available through that date and on each and every business date thereafter until Plaintiff and/or his/her representatives shall have a full and complete opportunity to carefully examine and copy all of them.

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify the name, position, address and telephone number of any person (including yourself) who assisted in preparing the answers to these interrogatories.

INTERROGATORY NO. 2: Are you or your attorney aware of the existence of any written or recorded statement made by or for any party or witness which relates to the incident involved in this lawsuit.  If so, for each statement, please state:

        (a)     The identity of the person making the statement;

    (b)    The date the statement was made;

    (c)    The identity, employer, occupation and last known address of the person or persons taking the statement; and

    (d)    Identify each person now in possession of the original statement or a copy thereof.

INTERROGATORY NO. 3: Please describe fully and completely how the alleged occurrence happened, stating in your answer all events relating thereto in their sequential order.

INTERROGATORY NO. 4: Have you or has anyone on your behalf conducted any investigation regarding the accident in question? If so, for each investigation, pleases provide the following:

    (a)    The name, address and occupation of the individual conducting the investigation;

    (b)    The date the investigation was conducted; and

    (c)    Please identify all documents pertaining to the investigations.

INTERROGATORY NO. 5: Did the Defendant have a regular policy or procedure for inspecting the premises, and in particular the area which is the subject of Plaintiff's complaint, to prevent an occurrence such as that which is alleged by Plaintiff?

INTERROGATORY NO. 6: Did the Defendant, or any agent or employee of the Defendant, give any warnings or signals, either written or oral, to the Plaintiff prior to the time of the alleged occurrence?

INTERROGATORY NO. 7: Please state whether or not you or any agent or employee of the Defendant rendered any help or assistance of any kind to the Plaintiff immediately after the alleged occurrence.

INTERROGATORY NO. 8: If your answer to the preceding Interrogatory is in the affirmative, please give:

      (a)    A full and complete description of what help or assistance was rendered; and

      (b)    The identification, including name, address, and job title, of each person who rendered any such help or assistance to the Plaintiff.

INTERROGATORY NO. 9: On the day in question please identify the employees, contractors and/or individuals responsible for making sure the aisles were safe and in working order.

INTERROGATORY NO. 10:   With regard to the individual identified in Interrogatory No. 9, please state:

      a)    His/her job description, duties and date of hire;

      b)    Was the individual acting within the course and scope of employment on the day in question;

      c)    Identify the individual's supervisor(s); and,

      d)    Is the person still in your employ, if not provide the date and reason the person's employment ended.

INTERROGATORY NO. 11:   Please describe everything which you or any agent or employee of the Defendant did in an attempt to avoid the alleged occurrence.

INTERROGATORY NO. 12:   Please state in detail everything you or any agent or employee of the Defendant saw the Plaintiff do:

      (a)    Prior to and including the alleged occurrence; and

      (b)    After the alleged occurrence until the Plaintiff left the scene of the

occurrence.

INTERROGATORY NO. 13:    Please state as to each and every witness known to you or any agent or employee of the Defendant to have seen, heard, or known about the alleged occurrence:

    (a)    The name, address and telephone of each;

    (b)    The location where each witness was at the time he or she saw, heard, or learned about the alleged occurrence;

    (c)    The substance, as best as you can give it, of all information or knowledge about the alleged occurrence known to each such witness; and

    (d)    Whether or not each such witness gave any statement or account, either oral or in writing, of his or her knowledge of the alleged occurrence, and if so, please produce each such statement or document, or copies thereof.

INTERROGATORY NO. 14:    If any of the persons listed in the answer to the preceding interrogatory is an agent or employee of the Defendant, please:

    (a)    Give the name, address, and job title of each person who saw or witnessed any part of the alleged occurrence;

    (b)    Describe in as much detail as possible everything that was seen or noticed by each such person; and

    (c)    State where, in relation to the exact location of the occurrence, each such person was at the time of any such witnessing of the occurrence.

    (d)    Whether or not each such witness gave any statement or account, either oral or in writing, of his or her knowledge of the alleged occurrence, and if so, please produce each such statement or document, or copies thereof.

INTERROGATORY NO. 15:   Did the Plaintiff ever make any statement or give any account, either oral or written, of the alleged occurrence to you or to any agent or employee of the Defendant?

INTERROGATORY NO. 16:   Did any person, in any way, cause or contribute to the happening of the alleged occurrence?

INTERROGATORY NO. 17:   If your answer to the preceding Interrogatory is in the affirmative, please state:

      (a)    The full identity, including name, address and physical description of any such person; and

      (b)    How and in what manner any such person in any way caused or contributed to cause the alleged occurrence.

INTERROGATORY NO. 18:   If it the contention or allegation of the Defendant that the Plaintiff by any act or omission caused or contributed to cause the Plaintiff's alleged injuries, please state in detail each act or omission by the Plaintiff which it is contended or alleged caused or contributed to cause the Plaintiff's alleged injuries.

INTERROGATORY NO. 19:   Please identify each individual you may or will call as a witness at the trial of this action.

INTERROGATORY NO. 20:   For each expert you expect to call as a witness at the trial of this case, please:

      (a)    Identify the expert;

      (b)    The field in which he/she is to be offered as an expert;

      (c)    The subject matter on which the expert is expected to testify;

      (d)    The substance of all facts and opinions to which the expert is expected to

testify, and provide a summary of the grounds for the opinion;

(e)     The dates and subjects of all reports rendered by such expert addressing the issues in this action; and

(f)     The titles and publication citations of all books, articles or treatises upon which each expert will rely to support his/her opinion.

INTERROGATORY NO. 21:    Please list all factors, persons and events which you believe caused or contributed to the alleged occurrence.

INTERROGATORY NO. 22:   Was the Defendant, or any of its agents, employees or representatives ever put on notice of any type of problems with regard to the location of pallets of merchandise which are the subject matter of Plaintiff's Complaint?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Request is made to produce for inspection and copying the following documents and things:

REQUEST NO. 1:   Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgement entered in this action.

REQUEST NO. 2:   All documents showing any policy or procedure of maintenance and repair pertaining to any of the following:

(a)     Warnings given to tenants and guests regarding pallets of merchandise on the premises;

(b)     The inspection and maintenance of your premises;

(c)     Individuals who are injured or involved in an accident on your premises;

and

        (e)     The inspection and maintenance of your premises for broken *.

REQUEST NO. 3:  All documents showing any safety codes, industry standards, or other standards of care or practice which relate to any of the issues listed in subparagraphs (a), (b), and (c) of the preceding Request No. 2.

REQUEST NO. 4:   Please furnish a copy of any and all photographs, films, and/or videotapes upon which you rely to prove any allegations against the Plaintiff or disprove any allegations against you made by the Plaintiff or which you contend are relevant to this action.

REQUEST NO. 5:  Any and all maps, diagrams, measurements, or written reports upon which you rely to defend against the allegations in the Plaintiff's Complaint.

REQUEST NO. 6:  Any and all documents upon which you rely as a basis for any denial of any allegation of the Complaint or upon which you rely in asserting any affirmative defense or counterclaim.

REQUEST NO. 7:   All diaries, calendars, and other similar documents kept by you or anyone on your behalf to record any of the events or damages which are relevant to this lawsuit.

REQUEST NO. 8:  Any and all reports and investigations of the incident.

REQUEST NO. 9:  An example of any warning sign or device available on the premises at the time of the incident to warn individuals of dangerous conditions, or obstacles.

REQUEST NO. 10:  All recorded statements pertaining to the incident.

REQUEST NO. 11:   All documents which support your answers to the Plaintiff's First Set of Interrogatories.

REQUEST NO. 12:   Please furnish a copy of all documents, correspondence, communication, memorandum, investigative report or other tangible evidence including copies of

invoices, bills, photographs and statements obtained from any person by you or your representatives in relation to this action.

REQUEST NO. 13:    Please furnish a copy of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about this lawsuit and contemporaneously recorded.

REQUEST NO. 14:    Any and all drawing, maps, photographs, slides, pictures, videos, diagrams or other visual or graphic portrayals of the scene of the occurrence or how the subject accident occurred.

REQUEST NO. 15:    A curriculum vitae, resume or summary of qualification for each individual whom you may call as an expert witness at the trial of this case.

REQUEST NO. 16:    Please produce any and all medical texts, treatises, documents, periodicals, memoranda, notes and the like upon which you or your experts will rely at the trial of this cause or have consulted in preparation therefor.

REQUEST NO. 17:    Please produce a copy of or make available for inspection each demonstrative exhibit, videos, photographs, diagrams, models and other such tangible or documentary evidence which you expect to utilize or introduce at trial.

REQUEST NO. 18:    Copy of all pages of any "report of injury," or similar document including the folder in which it is kept and accompanying photographs

REQUEST NO. 19:    All diaries, calendars, and other similar documents kept by you or anyone on your behalf to record any of the events or damages which are relevant to this lawsuit.

PROPOUNDED, this the 7ᵗʰ day of February, 2022.

BETTY S. SMITH, Plaintiff

BY: _____
C. COOPER MILES (MSB NO. 101945)

OF COUNSEL:
**Schwartz & Associates, P.A.**
Post Office Box 3949
Jackson, Mississippi 39207-3949
Phone: 601-988-8888
CMILES@1CALL.ORG

## CERTIFICATE OF SERVICE

This is to certify that the undersigned attorney has this day served along with the Summons and Complaint, a true and correct copy of the above Plaintiff's Frist Set of Interrogatories, Request for Production, and Request for Admission as follows:

**C T CORPORATION**
**o/b/o Wal-Mart Stores, Inc.**
**Wal-Mart East, LP**
**631 Lakeland East Drive**
**Flowood, Mississippi 39232**

This the 7ᵗʰ day of February, 2022.

_____
C. COOPER MILES

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BETTY S. SMITH**                                               **PLAINTIFF**

**VS.**                                        CIVIL ACTION NO. 22-KV-0014-B

**WAL-MART STORES, INC.,**
**WAL-MART EAST, LP;**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5).**                                    **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
_Adams_ COUNTY

TO:  **C T CORPORATION**
**o/b/o Wal-Mart Stores, Inc.**
**Wal-Mart East, LP**
**631 Lakeland East Drive**
**Flowood, Mississippi 39232**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the *Complaint* and *Plaintiff's First Set of Interrogatories and Request for Production of Documents* to COOPER MILES, the attorney for the Plaintiff, whose address is Schwartz & Associates, P.A., Post Office Box 3949, Jackson, Mississippi 39207-3949.

Your response must be mailed or delivered within **thirty (30) days** from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your responses to the Interrogatories, Request for Admissions and Request for Production of Documents must also be delivered within **forty-five (45) days** from the date of service.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the _10_ day of _February_ 2022.

CIRCUIT CLERK
ADAMS COUNTY, MISSISSIPPI

By: _____
DEPUTY CLERK

AND FILED

MAR 2 1 2022

PROOF OF SERVICE-SUMMONS
(Process Server)

EVA J. GIVENS, CIRCUIT CLERK
BY 22-KV-0014-B D.C.

I, the undersigned process server, served the above *Summons, Complaint, Plaintiff's Frist Set of Interrogatories, Request for Production of Documents and Request for Admissions* upon the person or entity named above in the manner set forth below:

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope. postage prepaid, addressed to the sender (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

__✗__ PERSONAL SERVICE. I personally delivered copies of Summons and Complaint to Mart Thibedeau on the 09 day of March, 2022, where I found said person(s) in Rankin County of the State of MS    1132   Hrn

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county. Mississippi. I served the Summons and Complaint on the _____ day of _____. 2022. at the usual place of abode of said person by leaving a true copy of the said summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused"*).

PERSONALLY APPEARED BEFORE ME the undersigned authority in and fore the state and county aforesaid, the within named *Jimmy p Taylor* who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)

SWORN TO AND SUBSCRIBED BEFORE ME this the 09 day of March, 2022.

_____
Notary Public          (Seal)

My Commission Expires:

_____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 127686
AMANDA N. BURGESS
Commission Expires
May 1, 2023
HINDS COUNTY

2

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BETTY S. SMITH**                                                        **PLAINTIFF**

**VS.**                                    CIVIL ACTION NO. 22-KV-0014-B

**WAL-MART STORES, INC.,**
**WAL-MART EAST, LP;**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5).**                                    **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
_Adams_ COUNTY

TO:  **C T CORPORATION**
**o/b/o Wal-Mart Stores, Inc.**
**Wal-Mart East, LP**
**631 Lakeland East Drive**
**Flowood, Mississippi 39232**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the _Complaint_ and _Plaintiff's First Set of Interrogatories and Request for Production of Documents_ to COOPER MILES, the attorney for the Plaintiff, whose address is Schwartz & Associates, P.A., Post Office Box 3949, Jackson, Mississippi 39207-3949.

Your response must be mailed or delivered within **thirty (30) days** from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your responses to the Interrogatories, Request for Admissions and Request for Production of Documents must also be delivered within **forty-five (45) days** from the date of service.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 10 day of February 2022.

CIRCUIT CLERK
ADAMS COUNTY, MISSISSIPPI

By: _Diann Goodman_
DEPUTY CLERK

RECEIVED
AND FILED

APR 1 1 2022

EVA J. GIVENS, CIRCUIT CLERK

BY_____D.C.

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BETTY S. SMITH**                                                                        **PLAINTIFF**

**V.**                                                                  **CAUSE NO. 22-KV-0014-B**

**WAL-MART STORES, INC.,**
**WAL-MART STORES EAST, LP,**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5)**                                              **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants, Wal-Mart Stores, Inc.,[1] and Wal-Mart Stores East, LP, a non-resident limited partnership, ("Defendants" or "Walmart"), by and through counsel of record, and file this their Answer and Affirmative Defenses as follows:

### First Defense

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Defense

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

### Third Defense

The claims alleged herein against Defendants are barred by the applicable statute of limitations.

### Fourth Defense

In now answering the Complaint paragraph by paragraph, Defendants would state as follows:

---

[1]Wal-Mart Stores, Inc., is an improper party. The proper party is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Arkansas.

## I. Parties

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, same are denied.

2.      It is admitted that Wal-Mart Stores, Inc., is a foreign corporation and that its registered agent is CT Corporation.  It is denied that Wal-Mart Stores, Inc., is the proper party, the proper party being Wal-Mart Stores East, LP.  Any remaining allegations are denied.

3.      It is admitted that Wal-Mart Stores East, LP, is a limited partnership and that it's registered agent is CT Corporation.  It is further admitted that Wal-Mart Stores East, LP operates the subject store at 314 Sgt. Prentiss Drive, Natchez, MS 39120.  Any remaining allegations are denied.

## II. Jurisdiction and Venue

4.      Although the allegations of Paragraph 4 of the Complaint state legal conclusions to which no response is required, Walmart denies the allegations contained therein and demands strict proof thereof.

## III. Basic Facts Giving Rise to Claim for Relief

5.      Denied.

6.      Denied.

## IV. Negligence

7.      The allegations of Paragraph 7, including subparagraphs (a) through (g), are denied.

## V. Damages

8.      The allegations of Paragraph 8, including subparagraphs (a) through (d), are denied. The allegations in the  unnumbered paragraph following Paragraph 8 and beginning "WHEREFORE," are denied. Defendants specifically deny that the Plaintiff is entitled to judgment

for Plaintiff's alleged injuries, damages and loses, past and/or future, in the amount requested, or in any amount, to interest, costs, expert fees, or to any judgment or for any sums whatsoever of and from the Defendants.

### Fifth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of third parties for which Defendants are not responsible.

### Sixth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of the Plaintiff for which Defendants are not responsible. Walmart asserts the provisions and protections of Miss. Code Ann. § 11-7-15 (1972).

### Seventh Defense

The injuries and damages alleged by the Plaintiff are the result in whole or in part to pre-existing conditions, for which Defendants are not responsible.

### Eighth Defense

Plaintiff failed to mitigate her damages and is accordingly barred from recovery to the extent of the failure to mitigate.

### Ninth Defense

Pursuant to the laws of the State of Mississippi, Walmart is entitled to apportionment of liability for third parties whose acts in whole or in part caused the alleged damages and injuries of the Plaintiff.

### Tenth Defense

Defendants affirmatively plead Miss. Code Ann. § 85-5-7.

3

### Eleventh Defense

Defendants seek all remedies and protections provided to it pursuant to Miss. Code Ann. §§ 11-1-60 and 11-1-65.

### Twelfth Defense

Plaintiff failed to obtain *in personam* jurisdiction.

### Thirteenth Defense

The Plaintiff assumed the risk, if any, which may have existed.

### Fourteenth Defense

Defendants reserve all defenses, including Rule 12(b) defenses and Rule 8(c) of the Mississippi Rules of Civil Procedure, which may be available to them.

### Fifteenth Defense

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendants.

### Sixteenth Defense

The Complaint fails to name indispensable parties.

### Seventeenth Defense

Defendants object to the venue and to the jurisdiction of this Court over the subject matter and over the person and/or property of Defendants.

### Eighteenth Defense

Any alleged danger was open and obvious to the Plaintiff.

### Nineteenth Defense

Defendants had no notice, either actual or constructive, of any alleged dangerous condition and no opportunity to cure the same, if indeed such a dangerous condition existed, which is denied.

### Twentieth Defense

Defendants would show that any injuries sustained by Plaintiff were the result of an unavoidable accident.

### Twenty-first Defense

Defendants would show that Plaintiff was negligent by failing to exercise reasonable care at the time of the alleged accident resulting in the alleged injuries to Plaintiff.

### Twenty-second Defense

Defendants affirmatively plead their rights under Mississippi Code Ann. § 11-1-69 with respect to the bar on hedonic damages in this case.

### Twenty-third Defense

Walmart pleads all protections afforded by the "Landowner's Protection Act."

Accordingly, Defendants, Walmart Stores, Inc. and Wal-Mart Stores East, LP demand that the Complaint be dismissed with all costs assessed to the Plaintiff.

### DEFENDANTS DEMAND TRIAL BY JURY

THIS the 8th day of April, 2022.

WAL-MART STORES, INC., AND
WALMART STORES EAST, LP,

By: _____

    Thomas M. Louis  (MSB No. 8484)
    Rajita Iyer Moss (MSB No. 10518)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:      (601) 605-6900
Facsimile:      (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed, by U.S. Mail, postage prepaid, a true and correct copy of

the above and foregoing to:

C. Cooper Miles, Esq.
Schwartz & Associates, P.A.
P. O. Box 3949
Jackson, MS 39207

This the 8th day of April, 2022.

Thomas M. Louis

RECEIVED
AND FILED

APR 1 1 2022

EVA J. GIVENS, CIRCUIT CLERK

BY_____D.C.

### IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BETTY S. SMITH**                                                **PLAINTIFF**

**V.**                                                  **CAUSE NO. 22-KV-0014-B**

**WAL-MART STORES, INC.,**
**WAL-MART STORES EAST, LP,**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5)**                              **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

TO:    C. Cooper Miles, Esq.
       Schwartz & Associates, P.A.
       P. O. Box 3949
       Jackson, MS 39207
       *Attorney for Plaintiff*

NOTICE IS HEREBY GIVEN that Defendants, Wal-Mart Stores, Inc.,[1] and Wal-Mart Stores

East, LP ("Walmart"), have this date served, via U.S. Mail, postage prepaid, in the above-entitled

action the following:

1.   **Walmart's First Set of Interrogatories Propounded to Plaintiff;**

2.   **Walmart's First Set of Requests for Production of Documents Propounded to Plaintiff; and**

3.   **Walmart's Requests for Admissions to Plaintiff.**

THIS the 8th day of April, 2022.

                            **WAL-MART STORES, INC. AND**
                            **WAL-MART STORES EAST, LP**

                            By: _____
                                Thomas M. Louis (MSB No. 8484)
                                Rajita Iyer Moss (MSB No. 10518)

_____

[1]Wal-Mart Stores, Inc., is an improper party. The proper party is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Arkansas.

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 605-6900
Facsimile:      (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed, by U.S. Mail, postage prepaid, a true and correct copy

of the above and foregoing to:

C. Cooper Miles, Esq.
Schwartz & Associates, P.A.
P. O. Box 3949
Jackson, MS 39207

This the 8th day of April, 2022.

Thomas M. Louis

2



RECEIVED
AND FILED
MAY 13 2022

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

EVA J. GIVENS, CIRCUIT CLERK
BY_____D.C.

**BETTY S. SMITH**                                                                                    **PLAINTIFF**

**V.**                                                                      **CAUSE NO. 22-KV-0014-B**

**WAL-MART STORES, INC.,**
**WAL-MART STORES EAST, LP,**
**JOHN DOE ENTITIES (1-5);**
**JOHN DOE PERSONS (1-5)**                                            **DEFENDANTS**

---

## NOTICE OF SERVICE

---

**TO:**    All Counsel of Record

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that Plaintiff,

Betty S. Smith, has this date served in the above-entitled action:

- *Plaintiff's Responses to Defendant's Request for Admission propounded to Plaintiff*

The undersigned retains the original of the above as custodian thereof.

RESPECTFULLY SUBMITTED this the _10_ day of May, 2022.

BETTY S. SMITH, Plaintiff

By: _____
C. Cooper Miles, MSB #101945
*Attorney for the Plaintiff*

OF COUNSEL:
Schwartz & Associates, P.A.
162 East Amite Street
Jackson, Mississippi 39201
Telephone: 601.988.8888
Facsimile: 601.949.7929
cmiles@1call.org

**CERTIFICATE OF SERVICE**

I hereby certify that on _10_ May, 2022, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification of such filing to the following:

**MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

This the _10_ day of May, 2022.

_____
C/COOPER MILES

RECEIVED
AND FILED

JUN 10 2022

EVA J. GIVENS, CIRCUIT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT FOR ADAMS COUNTY, MISSISSIPPI

BETTY S. SMITH                                                    **PLAINTIFF**

VS.                                              CIVIL ACTION NO. 22-KV-0014-B

WAL-MART STORES, INC.,
WAL-MART EAST, LP;
JOHN DOE ENTITIES (1-5);
JOHN DOE PERSONS (1-5).                                        **DEFENDANTS**

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Eva Givens, Clerk
       Circuit Court of Adams County

       **YOU ARE HEREBY NOTIFIED** that Defendants, Wal-Mart Stores, Inc. and Wal-Mart

East, LP[1], have filed a Notice of Removal of the above-captioned matter in the United States District

Court for the Southern District of Mississippi, Western Division. A true and correct copy of the

Notice of Removal is attached hereto as Exhibit 1.

       Respectfully submitted, this, the 8th day of June, 2022.

                              **WAL-MART STORES, INC.**
                              **AND WAL-MART EAST, LP**

                              By: *Rajita Iyer Moss*
                                  Thomas M. Louis  (MSB No. 8484)
                                  Rajita Iyer Moss (MSB No. 10518)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC

_____

       [1] Wal-Mart Stores, Inc. and Wal-Mart East, LP are improper parties. The proper party is
Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in
Arkansas.

Page 1 of 2

POST OFFICE BOX 131
JACKSON, MS 39205-0131
PHONE:  (601) 605-6900
FAX:   (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Rajita Iyer Moss, hereby certify that I have served the above and foregoing Notice of Filing

Notice of Removal via U.S. First Class Mail, postage prepaid, to the following:

C. Cooper Miles, Esq.
Schwartz & Associates, P.A.
Post Office Box 3949
Jackson, MS 39207-3949
cmiles@1call.org

ATTORNEY FOR PLAINTIFF

This, the 8th day of June, 2022.

_Rajita Iyer Moss_
Rajita Iyer Moss

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BETTY S. SMITH                                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. _____

WAL-MART STORES, INC.,
WAL-MART EAST, LP;
JOHN DOE ENTITIES (1-5);
JOHN DOE PERSONS (1-5)                                              DEFENDANTS

## <u>WALMART'S NOTICE OF REMOVAL</u>

**COME NOW** Wal-Mart Stores, Inc. and Wal-Mart East, LP[1] ("Walmart"), by and through

counsel, and without waiving any objections to venue or other defenses, including any defenses

under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and file this Notice of Removal

of this action from the Circuit Court of Adams County, Mississippi, to the United States District

Court for the Southern District of Mississippi, Western Division, and in support hereof, would show

unto the Court the following:

### I.    COMPLAINT

1.       This is a premises case. On February 10, 2022, Betty S. Smith ("Plaintiff") filed her

Complaint in this matter, hereto attached as Exhibit A, against Walmart in the Circuit Court of

Adams County, Mississippi, this being civil action number 22-KV-0014-B.

2.       Plaintiff's Complaint seeks an unspecified amount of damages. Ex. A at 3-4.

3.       However, Plaintiff has now, by way of her responses to Walmart's requests for

---

[1] Wal-Mart Stores, Inc., and Wal-Mart East, LP are improper parties. The proper party is
Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in
Arkansas.

-1-



admission, established that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Ex. B, Plaintiff's Responses to Walmart's Requests for Admission Propounded to Plaintiff. Therefore, as discussed in more detail below, because (a) complete diversity of citizenship exists, and (b) the amount in controversy exceeds $75,000, this Court has jurisdiction over this case.

## II.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.    *This Case is Removable under 28 U.S.C. §§ 1441(a) and 1332(a)*

4.    28 U.S.C. § 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

5.    The United States District Court for the Southern District of Mississippi, Western Division is the district and division embracing the location of the state court where this suit is currently pending.

6.    Additionally, 28 U.S.C. § 1332(a), as amended, provides in relevant part:

The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

7.    As briefly mentioned above and discussed below, complete diversity of citizenship exists in this matter, and Plaintiff has established that the amount in controversy exceeds the sum or value or $75,000, exclusive of interest and costs. Therefore, this Court has original diversity jurisdiction over this case.

### B.    *This Removal is Timely under 28 U.S.C. § 1446(b)*

8.    Under 28 U.S.C. § 1446(b) (emphasis added), a notice of removal "may be filed

within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."

9.      Walmart was served with Plaintiff's responses to its requests for admission on May 10, 2022. Said responses constitute the "other paper" from which Walmart first ascertained that the amount in controversy has been met and that this case is removable based upon diversity jurisdiction. *See Reed v. Flores*, No. CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *2 (N.D. Miss. Nov, 2009) (finding that removal was timely where the plaintiff's responses to the defendant's requests for admissions constituted the "'other paper' from which [the defendants] could first ascertain that [the p]laintiff sought over $75,000 in damages").

10.     Since Walmart is removing this case within thirty days of May 10, 2022, this removal is timely.

   *C.     Required Documents are Attached and Notice to the Clerk Has Been Given*

11.     Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Walmart are attached hereto as Exhibit C.  Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state court file will be timely filed within fourteen (14) days of the date of removal.

12.     Additionally, in accordance with 28 U.S.C. §1446(d), Walmart will file a copy of this Notice with the Clerk of the Circuit Court of Adams County, Mississippi, contemporaneous with the filing of the same with this Court.

### III.    DIVERSITY JURISDICTION

13.     As stated, this Court has original diversity jurisdiction over this case pursuant to

§1332(a) because Plaintiff and Walmart are citizens of different states, and Plaintiff's responses to Walmart's requests for admission establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Diversity of Citizenship Exists

14.    Plaintiff is a resident citizen of the state of Mississippi. *See* Ex. A, at 1.

15.    Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. (See footnote 1).

16.    Consequently, complete diversity of citizenship exists.

### B.    Amount in Controversy Has Been Met

17.    Plaintiff's responses to requests for admission (Exhibit B) establish that the amount in controversy exceeds $75,000, exclusive of interest and costs:

1.    Admit that the value of your claims for damages do not exceed the amount of $75,000.00.

[RESPONSE:] Deny.

2.    Admit that you would not accept any sum greater than $75,000.00 for any

-4-

damages even if awarded by a jury.

[RESPONSE:] Deny.

3.      Admit that you will never seek to amend the Complaint to seek an amount above $75,000.00.

[RESPONSE:] Deny.

4.      Admit that you will never seek a verdict from any jury hearing this action greater than $75,000.00.

[RESPONSE:]  Deny.

5.      Admit that you will not seek a verdict in excess of $75,000.00 exclusive of interest and costs at the trial of this matter.

[RESPONSE:] Deny.

Ex. B, at 1-2, Plaintiff's Responses to Walmart's Requests for Admission Propounded to Plaintiff.

18.      As seen above, in her responses, Plaintiff refused to admit that she would not accept a sum greater than $75,000 for any damages; that she would not seek to amend her Complaint to seek a sum greater than $75,000 for any damages; or that she would not seek a jury verdict in a sum greater than $75,000. Therefore, the amount-in-controversy component of diversity jurisdiction has been met in this case, and removal is proper. *Reed*, CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *1-2 (finding that removal was proper where the plaintiff had denied a request for admission that asked her to "admit that [she would] not seek damages nor [would she] execute on any judgment rendered in [her] favor against the defendants in excess of $75,000, exclusive of interest and costs"); *Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500 for all damages alleged in his Complaint but did not submit an affidavit and binding stipulation agreement to that effect and objected and/or refused to answer requests for admissions that stated to a legal certainty that he would not seek or accept damages in

-5-

excess of $75,000, the defendant had met its burden of proving the amount in controversy by a preponderance of the evidence); *Fields v. Household Bank (SB), N.A.*, 280 F. Supp. 2d 530, 531-32 (N.D. Miss. 2003) (finding that a defendant proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount where the defendant requests that the plaintiff admit, through a request for admission, that she will not seek more than the jurisdictional limit, and the plaintiff denies the request); *Fields v. Beneficial Nat'l Bank USA*, No. 1:00CV64-S-A, 2000 WL 33907905, at *1 (N.D. Miss. June 7, 2000) (finding that the amount-in-controversy component of diversity jurisdiction had been met where the plaintiff had failed to agree not to seek damages in excess of $75,000). As such, this Court has jurisdiction over this matter.

19.     Walmart reserves its right to amend or supplement this Notice of Removal.

20.     Walmart also reserves all affirmative defenses, including, but not limited to, Rule 8(c) and 12(b) defenses.

**WHEREFORE, PREMISES CONSIDERED,** Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Adams County, Mississippi, be hereby stayed.

THIS, the 8th day of June, 2022.

Respectfully submitted,

**WAL-MART STORES, AND
WAL-MART EAST, LP**

By:  *Rajita Iyer Moss*

Thomas M. Louis (MSB No. 8484)
Rajita Iyer Moss (MSB No. 10518)

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**

-6-

POST OFFICE BOX 131
JACKSON, MISSISSIPPI 39205-0131
TELEPHONE:  (601) 605-6900
FACSIMILE:    (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Rajita Iyer Moss, hereby certify that a copy of this Notice of Removal was filed using the Court's ECF system, which should have automatically emailed a copy to:

C. Cooper Miles, Esq.
Schwartz & Associates, P.A.
Post Office Box 3949
Jackson, MS 39207
jrocray@1call.org

ATTORNEY FOR PLAINTIFF

This, the 8th day of June, 2022.

_Rajita Iyer Moss_
Rajita Iyer Moss